

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 12, 1967

Honorable Wallace Shropshire
County Attorney
Travis County Courthouse
Austin, Texas

Opinion No. M-5

Re: Does evidence obtained
by an arresting officer
become inadmissible by
reason of the arrested
person being taken
before a magistrate by
an officer other than
the arresting officer?

Dear Mr. Shropshire:

In your opinion request you state:

"A request is made for an opinion from your office concerning the interpretation of Article 14.06 of the Code of Criminal Procedure, which states as follows:

"In each case enumerated in this Code, the person making the arrest shall immediately take the person arrested before the magistrate who may have ordered the arrest or before some magistrate of the county where the arrest was made without an order. The magistrate shall immediately perform the duties described in Article 15.17 of this Code.

"This opinion is requested because of the following facts: The Sheriff's Department of Travis County and the Police Department of the City of Austin during the night shift of their personnel have the occasion to make arrest of an accused during a period of time in which there is no magistrate available in the morning, but because the night shift goes off duty prior to the availability of the magistrate, an accused is taken before a magistrate by an officer other than the arresting officer."

Your specific questions read as follows:

"(1) Under the above circumstances, as outlined, is the State in any way prejudiced in the criminal proceeding against the accused?

- 18 -

"(2) Under the above circumstances, as outlined, would any physical evidence acquired by the arresting officer become inadmissable by reason of the fact that the arresting officer is not the one who takes the accused before the magistrate?"

Article 14.06, Texas Code of Criminal Procedure, and Rule 5A, Federal Rules of Criminal Procedure, are similar in purpose and wording. This office found no construction by the courts of either of these statutes regarding the exact questions which you propounded. It is the opinion of this office, however that under the circumstances set forth in your letter, an office other than the arresting officer may take an accused before the magistrate if otherwise done in compliance with said Article 14.06. We therefore answer both of your questions in the negative.

### SUMMARY

An officer other than the arresting officer may take an arrested person before the magistrate, if otherwise done in compliance with the provisions of Article 14.06, when a magistrate is not available at the time of the arrest and prior to the time a magistrate becomes available, the arresting officer goes off duty.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

REO:lk

Prepared by Robert E. Owen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE
Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
R. L. Lattimore
Robert Norris
Lonny Zwiener
John Banks

Staff Legal Assistant
A. J. Carubbi, Jr.